# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH MANNING, et al., | |
| Plaintiffs, | Case No. 1:23-cv-00210 |
| v. | Hon. Steven C. Seeger |
| MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation, | |
| Defendants. | |

### MCDONALD'S USA, LLC AND MCDONALD'S CORPORATION'S
### RULE 12(B)(6) MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants McDonald's USA, LLC and McDonald's Corporation (collectively "Defendants" or "McDonald's") hereby move to dismiss Plaintiffs' Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6). In support of this motion, McDonald's states as follows:

1. McDonald's is one of the largest and most successful franchise systems in the world. With 95% of its restaurants franchised, McDonald's success is inexorably linked to the success of its franchisees. McDonald's has a long history of providing opportunity to diverse communities, employees, suppliers, and franchisees in the United States and across the globe. Its commitment to diversity, equity, and inclusion in its business dealings is one of the core values that define the company and how it runs its business.

2. Plaintiffs are a group of former McDonald's franchisees. Their restaurants were located in communities across the United States, and they entered and exited the McDonald's System at varying times and vastly different circumstances.

1

3. Plaintiffs filed the instant action on August 31, 2020, claiming intentional racial discrimination in violation of 42 U.S.C. § 1981 (Count I), breach of contract (Count II), fraudulent inducement and omission (Count III), and punitive damages (Count IV). Dkt. 1. After McDonald's first Motion to Dismiss, Dkts. 24, 25, Plaintiffs filed an Amended Complaint, Dkt. 30, dropping three Plaintiffs and adding twenty-eight new Plaintiffs. *See* Dkt. 28-1 (redline). The Amended Complaint asserted claims for violation of 42 U.S.C. § 1981 (Count I), breach of contract (Count II), and fraudulent omission (Count III). Dkt. 30. On September 28, 2022, the Court granted McDonald's Motion to Dismiss the Amended Complaint, and while Plaintiffs were granted leave to file an amended pleading, the Court noted several deficiencies with Plaintiffs' claims, including that "Plaintiffs appear to be time-barred, at least in part, in raising their claims." Sept. 28, 2022 Tr. of Proceedings (Dkt. 68) ("MTD Order"), 22:19–22.

4. On November 11, 2022, certain of the Plaintiffs named in the Amended Complaint filed a motion for substitution of counsel. Dkt. 71. Thereafter, the Plaintiffs filed two separate Second Amended Complaints, Dkts. 78, 79, one for the group represented by the Ferraro Law Firm (the "*King* Plaintiffs") in Dkt. 79, and one for the 48 Plaintiffs represented by the Loevy Firm (the "*Manning* Plaintiffs") in Dkt. 78. The Court subsequently severed the two groups, keeping the *King* Plaintiffs under the original case number, and assigning the *Manning* Plaintiffs to case number 23-cv-00210.

5. The SAC filed by the *Manning* Plaintiffs asserts claims for violation of 42 U.S.C. § 1981 (Counts I, II, and III), violation of 42 U.S.C. § 1982 (Counts IV, V, and VI), breach of contract (Count VII), fraudulent misrepresentation (Count VIII), tortious interference with business relationships (Count IX), and unjust enrichment (Count X).

6.      Plaintiffs have now had three opportunities to state an actionable claim against McDonald's, yet, as with their previously dismissed complaint, they have failed to do so. Despite this Court's explicit admonition that if Plaintiffs were to re-file their claims they should not rely upon assertions of historical discrimination, should drop plainly time-barred claims, and must do more than simply allege adverse actions sprinkled with conclusory allegations of race, the SAC does exactly that.

7.      In short, the SAC confirms what has been evident since this action was initiated in 2020: Plaintiffs—independent business people who owned and operated McDonald's restaurants at varying time periods throughout the last several decades, in different locations across the country, and each having very different circumstances and experiences—were not the victims of a decades-long, nationwide conspiracy by McDonald's to discriminate against all of its Black franchisees, and this third attempt to force substance out of a baseless suit must be dismissed with prejudice.

8.      *First*, Plaintiffs' discrimination claims again rely upon vague and conclusory allegations that do not answer the fundamental questions necessary to state such a claim—namely, what, when, and who. Nor do Plaintiffs plausibly establish that race was the "but for" cause of the injuries of which they complain. And to the extent that Plaintiffs seek to proceed on a "pattern and practice" theory, they are foreclosed from doing so as private Plaintiffs with individual claims. Additionally, despite this Court's clear directive to address the serious statute of limitations issues with their claims, many of the Plaintiffs' Section 1981 and Section 1982 claims are definitively time-barred.

9.      *Second*, the breach of contract claim in the SAC is identical to the one previously dismissed by the Court, and it fails as a matter of law. And in any event, the SAC fails to identify

any contractual obligations of McDonald's that were breached and relies upon conclusory allegations insufficient to state a viable breach of contract claim. The breach of contract claim for many of the Plaintiffs also suffer from significant statute of limitations issues.

10. *Third*, the fraudulent misrepresentation claim is nothing more than an attempt to revive the previously dismissed fraudulent omission claim. But the SAC does not address either of fatal deficiencies identified by the Court in its dismissal order, as it does not plead the fraud with the specificity required by Rule 9(b), and the allegations remain expressly disclaimed by the terms of each Plaintiff's contracts with McDonald's. Along with these deficiencies, the claim is barred by the applicable five-year statute of limitations.

11. *Fourth,* Plaintiffs' newly concocted tortious interference claim fares no better. The SAC fails to allege two essential elements of such a claim: namely, that McDonald's interfered with any contract or that it did so unjustifiably. This claim also suffers from a timeliness issue, as 35 out of the 48 Plaintiffs exited the McDonald's system before the start of the applicable five-year limitations period, and the 13 other Plaintiffs left within two years of it, limiting their claims to the limited alleged conduct that occurred during that short period.

12. *Fifth*, the unjust enrichment claim added to the SAC is dead on arrival. It is black-letter law that no such claim can be maintained where the conduct at issue is the subject of an express contract between the parties. And just as with the tortious interference claim, it is subject to a five-year limitations period, proving fatal for 35 of the Plaintiffs, and a significant limitation for the remaining 13.

13. *Sixth, and finally*, Plaintiffs' newly pled claims should be dismissed for the independent reason that they were not previously part of this case and exceed the leave to amend granted by the Court in its dismissal of the prior complaint.

14. In further support of this motion, McDonald's hereby submits the accompanying Memorandum and Exhibits in support thereof.

15. On March 28, 2023, McDonald's filed a motion requesting an additional thirty pages, for a total of forty-five pages, for its Memorandum in Support of Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint. Dkt. 14. That motion is currently pending before the Court. Consistent with its motion, the accompanying Memorandum filed by McDonald's is 41 pages in length.

WHEREFORE, McDonald's requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice.

Dated: March 31, 2023 /s/ Patricia Brown Holmes

Patricia Brown Holmes
Amy Curtner Andrews
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
aandrews@rhsc-law.com

Ariel Wilson
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington Street, Suite 402
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

Loretta E. Lynch (*pro hac vice* pending)
Susanna M. Buergel (*pro hac vice* pending)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(202) 373-3000
lelynch@paulweiss.com
sbuergel@paulweiss.com

*Counsel for McDonald's USA, LLC and McDonald's Corporation*