IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH MANNING, et al., | ) |
| *Plaintiff*, | ) Case No. 1:23-cv-00210 |
| | ) |
| *v.* | ) Hon. Steven C. Seeger |
| | ) District Judge |
| McDONALD'S USA, LLC, McDONALD'S CORPORATION, et al., | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendants*. | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs KENNETH MANNING, et al., by and through their attorneys, respectfully submit this Notice of Supplemental Authority in support of Plaintiffs' Response in Opposition to the Defendants' Motion to Dismiss, Dkt. 29, stating as follows:

1. Plaintiffs have responded in opposition to Defendants McDonald's USA, LLC and McDonald's Corporation's motion to dismiss their Second Amended Complaint pursuant to Rule 12(b)(6). *See* Dkt. 29. That motion is presently pending.

2. Since the time Plaintiffs filed their Response, there has been a change in the law (or at the very least, an important clarification) that Plaintiffs wish to bring to the Court's attention.

3. Specifically, the Seventh Circuit recently found in favor of the plaintiff-appellant in an employment discrimination case presenting a similar issue. See *Thomas v. JBS Green Bay, Inc.*, No. 24-1404, --- F. 4th --- (2024). *See* Exhibit A (slip op.)

4. Relying on the Supreme Court's recent guidance in *Muldrow v. St. Louis,* 601 U.S. 346, 355 (2024), a Title VII case decided by the Supreme Court earlier this year, *Thomas* reversed

a district court's decision to dismiss a race discrimination case. *Thomas*, slip op. at 2.

5. First, the Seventh Circuit held that the district court erred when it required the plaintiff to plead a particular quantum of injury resulting from the race discrimination. *Id.* at 3. As the Court's opinion explained, "[w]hether or not the first aspect (insufficient injury) reflected circuit law at the time, it has been overtaken by *Muldrow v. St. Louis,* 601 U.S. 346, 355 (2024). *Id.* at 2.

6. Second, the Seventh Circuit held that the district court erred when it required the plaintiff to plead allegations in support of each element of the claim that the plaintiff eventually would need to prove at trial. *Id.* at 3. The Court noted that it is wrong for a district court to require a plaintiff to plead proof supporting each element of a race discrimination claim at the pleading stage of the case, saying:

> The second aspect of the district court's decision—a demand that the complaint allege each element that the plaintiff eventually will need to prove—was contrary to law long before *Muldrow*. Matching facts to legal elements is the distinctive feature of code pleading, which was abrogated when the Rules of Civil Procedure introduced notice pleading.

*Id.*

7. "[I]t is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each,'" the Court reiterated, "'It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint. A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Id.* at 4 (quoting *Chapman v. Yellow Cab Coop.*, 875 F.3d 846 (7th Cir. 2017)) (internal quotation marks omitted); *see also id.* at 5 (criticizing the district court for demanding that the "complaint narrate facts corresponding to elements," which was "the exact

requirement rejected by the Supreme Court in *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506 (2002)]").

8. Important to the pending motions to dismiss before this Court, and contrary to McDonald's argument in its motion to dismiss, the Seventh Circuit emphasized, "Because racial discrimination in employment is a claim on which relief can be granted, such a complaint may not be dismissed under Rule 12(b)(6). 'I was turned down for a job because of my race' is all a complaint has to say." *Thomas*, slip op. at 4 (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (cleaned up).

9. The Seventh Circuit in *Thomas* concluded its opinion with the following admonition:

> To repeat what the Justices said: Lists of things that plaintiffs need to prove concern evidence (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings. We appreciate that district judges may be impatient with suits that do not seem promising, because the judges doubt that plaintiffs will be able to marshal enough evidence to get to trial. But the time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later.

*Thomas*, slip op. at 5.

10. Plaintiffs submit that this opinion and its corresponding development in the Seventh Circuit's law governing race discrimination claims at the pleading stage supports denying Defendants' motion to dismiss, and Plaintiffs thus presents it to the Court as supplemental authority.

RESPECTFULLY SUBMITTED,

**KENNETH MANNING, et al.**

BY: /s/ Annie Prossnitz
*One of Plaintiff's Attorneys*
Arthur Loevy
Jon Loevy
Roshna Bala Keen

3

                                      Daniel M. Twetten
                                      Steve Art
                                      Quinn K. Rallins
                                      Annie Prossnitz
                                      Margaret Gould
                                      LOEVY & LOEVY
                                      311 N. Aberdeen, 3rd Floor
                                      Chicago, Illinois 60607

**CERTIFICATE OF SERVICE**

    I, Annie Prossnitz, an attorney, certify that on November 12, 2024, I filed the foregoing Notice of Supplemental Authority using the Court's CM/ECF system, which effected service on all counsel of record.

                      /s/ Annie Prossnitz
                      *One of Plaintiff's Attorneys*