UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH MANNING, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation,<br><br>        Defendants. | Case No. 1:23-cv-00210<br><br>Hon. Steven C. Seeger |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

On November 13, 2024, Plaintiffs filed a Notice of Supplemental Authority, Dkts. 39, 40, in support of their opposition to the Rule 12(b)(6) motion to dismiss filed by Defendants McDonald's USA, LLC and McDonald's Corporation (together "Defendants" or "McDonald's") on March 31, 2023. *See* Dkts. 18, 19. Plaintiffs brought to the Court's attention the decision of the Seventh Circuit in *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335 (7th Cir. 2024), claiming that it represented "an important clarification" of law. As an initial matter, it is debatable whether the *Thomas* case, which involved claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, is even applicable.[1] And even if it is, far from demonstrating a "development

---

[1] Plaintiffs here were not employees, but rather franchisees. As such, their claims are brought pursuant to Section 1981 of the Civil Rights Act, which are based upon a theory of intentional discrimination and require that they plausibly establish discriminatory intent and "plead and ultimately prove that, but for race, [they] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020). No such "but for" causation requirement exists with respect to Title VII claims such as those at issue in *Thomas*, and thus the pleading standard for such employment-based claims is inapplicable. *Thomas*, 120 F.4th at 1337–38.

in the Seventh Circuit's law governing race discrimination claims at the pleading stage [that] supports denying Defendants' motion to dismiss,"[2] Dkt. 40, at 3, the *Thomas* decision further illustrates that Plaintiffs have failed to state an actionable claim against Defendants.

In *Thomas*, the Seventh Circuit noted that in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court distinguished between a pleading standard and an evidentiary rule, and that pursuant to Rule 8, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." 120 F.4th at 1338 (citing *Swierkiewicz*, 534 U.S. at 511). Given this, the *Thomas* court concluded that the lower court had erred in granting the defendant's motion to dismiss, as it improperly required the plaintiff to "narrate facts corresponding to elements." 120 F.4th at 1338. But Defendants' motion to dismiss in this case does not make such an argument with respect to Plaintiffs' Section 1981 and 1982 claims. *See* Dkts. 18, 19. McDonald's does not argue that Plaintiffs failed to plead facts supporting each element of their claim. Rather, McDonald's asserts that Plaintiffs have not *plausibly* alleged that McDonald's intentionally discriminated against them or that but for their race, they would not have suffered the negative outcomes about which they now complain. *See generally* Dkt. 19, at 12–18. Nothing about the *Thomas* decision bears on the black-letter plausibility standard set out by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Indeed, the *Thomas* court specifically referenced *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010), which explicitly harmonized the plausibility requirements of *Twombly-Iqbal* with the liberal pleading standard of *Swierkiewicz* through discussion of the critical distinction between

---

[2] It is debatable whether the *Thomas* case represents a new formulation of the pleading standard for single-plaintiff employment discrimination claims. *See, e.g., Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination.").

2

straightforward and complex cases. *Id.* at 404–05. As the Seventh Circuit noted in *Swanson*, in a straightforward case, it should not be "difficult" for a plaintiff to make out "an entirely plausible scenario, whether or not it describes what 'really' went on in this plaintiff's case." *Id.*; *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims."). A straightforward case may involve "[a] plaintiff who believes that she has been passed over for a promotion because of her sex." *Swanson*, 614 F.3d at 404. Therefore, all that a plaintiff is required to plead in that scenario is "she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else." *Id. Thomas* was one of those straightforward discrimination cases—a single plaintiff bringing a Title VII action against his employer—so the Seventh Circuit reiterated the pleading standard that has been clear for decades. *Accord Kaminski, supra.*

In contrast to a straightforward case, "[a] more complex case ... will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 405. Put differently, "[t]he required level of factual specificity rises with the complexity of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The Seventh Circuit has consistently affirmed dismissals in complex discrimination cases where plaintiffs have failed to plausibly allege their claims. *See, e.g., Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014) (affirming dismissal of "complex disparate-impact" claims where the complaint failed to provide any "factual material to move the disparate-impact claims over the plausibility threshold"); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886–87 (7th Cir. 2012) (affirming dismissal of claims that Merrill Lynch intentionally discriminated against Black brokers where the complaint alleged

3

discriminatory intent at a high "level of generality"); *McCauley*, 671 F.3d at 619 (holding that the "complicated and counterintuitive" theory alleged by plaintiff was distinguishable from the straightforward case in *Swanson*). Nothing in *Thomas* reflects an intent by the Seventh Circuit to alter or disturb this equally well-established precedent.

And it is undeniable that this case falls into the complex category. *See generally* Dkt. 19, at 8, 9–12. As this Court noted when it granted McDonald's motion to dismiss the prior complaint, Plaintiffs' theory of liability rests on a complex, conspiracy-like scheme, requiring more detail than the run-of-the-mill single plaintiff employment case. *Crawford, et al. v. McDonald's USA, LLC, et al*, Case No. 1:20-cv-05132, Dkt. 68, at 12–13. Plaintiffs are independent businesspeople who owned and operated McDonald's restaurants at varying time periods throughout the last several decades, in different locations across the country. They do not claim to all have been the victim of a single decision maker; rather, they allege that the injuries they claim to have sustained were the result of a decades-long, nationwide conspiracy by McDonald's to intentionally discriminate against its Black franchisees.

In sum, *Thomas* did not change the pleading standard, but simply reiterated the existing standard for simple single-plaintiff employment discrimination cases. In so doing, however, it illuminates the critical distinction between straightforward and complex cases. McDonald's respectfully submits that the *Thomas* decision further supports its arguments that Plaintiffs' claims—focused on broad-sweeping and historical wrongs—are implausible and the complaint should be dismissed.

Dated: January 7, 2025	Respectfully submitted,

*/s/ Amy Curtner Andrews*
Patricia Brown Holmes
Amy Curtner Andrews
Mary A. Laird
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8700
pholmes@rshc-law.com
aandrews@rshc-law.com
mlaird@rshc-law.com

Ariel Schepers Wilson
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington Street, Suite 402
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

Loretta E. Lynch (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(202) 373-3000
lelynch@paulweiss.com
sbuergel@paulweiss.com

*Counsel for Defendants*