**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MANNING, et al., | ) | |
| | ) | Case No. 1:23-cv-00210 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger |
| *v.* | ) | District Judge |
| | ) | |
| McDONALD'S USA, LLC, McDONALD'S CORPORATION, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs KENNETH MANNING, et al., by and through their attorneys, respectfully submit this Notice of Supplemental Authority in support of Plaintiffs' Response in Opposition to the Defendants' Motion to Dismiss, Dkt. 29, stating as follows:

1. Plaintiffs have responded in opposition to Defendants McDonald's USA, LLC and McDonald's Corporation's motion to dismiss their Second Amended Complaint pursuant to Rule 12(b)(6). *See* Dkt. 29. That motion is presently fully briefed and pending.

2. Plaintiffs file this notice of supplemental authority to flag for the Court two categories of cases relevant to the pending motion.

3. First, in their last notice of supplemental authority, see Dkt. 40, discussing *Thomas v. JBS Green Bay, Inc.*, Plaintiffs pointed out the Seventh Circuit's holding that district courts commit reversible error when they dismiss race discrimination claims on the grounds that a complaint fails to plead allegations in support of each element of the claim the plaintiff eventually will need to prove at trial. 120 F.4th 1335 (7th Cir. 2024). "Lists of things that plaintiffs need to prove concern evidence (at summary judgment and trial); they must not be treated as demands for

longer and more detailed pleadings," the Seventh Circuit said, continuing, "All the complaint need do is state a grievance. Details and proofs come later." *Id.* at 1338.

4. Recently, this Court's colleagues in this District repeatedly have cited *Thomas v. JBS Green Bay* to deny motions to dismiss race discrimination claims. *See Thompon v. Illinois Cent. R.R. Co.*, No. 24 CV 13367, 2025 WL 2522750, at *4 (N.D. Ill. Sept. 2, 2025) (holding that a plaintiff need not plead a causal connection between adverse action and a protected characteristic, nor similarly situated others treated differently, because both "correspond to the evidentiary standard for discrimination cases, which need not be pled. . . . All [the plaintiff] must plead that an adverse action took place as a result of her protected characteristic."); *Peterson v. Wal-Mart Assocs., Inc.*, No. 24-CV-50456, 2025 WL 2346328, at *1 (N.D. Ill. Aug. 13, 2025) (holding, in response to Walmart's argument that a plaintiff must plead "when exactly [the plaintiff's] injuries started, how long they'll last, what specialized qualifications she needs to fill orders, and how her mobility compares to an average person," that "[t]hese are the types of facts that need not be plead. Walmart will get its answers in discovery (and then some—rest assured). For now, it's only entitled to a short and plain statement of the claims against it and their factual basis."); *Russell v. Vill. of Skokie*, No. 24-CV-5197, 2025 WL 1489229, at *5 (N.D. Ill. May 23, 2025) ("If any of Plaintiff's claims are factually deficient, the proper time to address it is summary judgment."); *Davis v. Pete's Fresh Mkt. 4700 Corp.*, No. 23-CV-14160, 2025 WL 672923, at *6 (N.D. Ill. Mar. 3, 2025) ("Defendants cite inapposite cases about the evidentiary standard Plaintiff must meet to prevail on her claims at the summary or final judgment stages of litigation."); *Owens v. Plainfield Cmty. Consol. Sch. Dist. 202*, No. 23-CV-03913, 2024 WL 5168626, at *4 (N.D. Ill. Dec. 18, 2024) ("But at this stage, Plaintiff must merely state plausible claims and need not allege every element."); *Brooks v. Anderson Brecon Inc.*, No. 24-CV-

50106, 2024 WL 4851527, at *4 (N.D. Ill. Nov. 21, 2024) ("As this Court has noted more than once, it's not difficult to plead an employment discrimination claim. . . . [The plaintiff] alleges that [the defendant] fired him, at least in part, because he's black. . . . Whether [the defendant] treated the [plaintiff and a white employee] differently and whether such treatment was based on race are both fact questions ill-suited for 12(b)(6) resolution."); *Rosas v. Walmart Inc.*, No. 24 CV 7409, 2025 WL 815687, at *3 (N.D. Ill. Mar. 14, 2025) ("The pleading requirement for such claims 'is minimal,' and a plaintiff need not allege facts establishing a prima facie case of discrimination.").

5. Second, and consistent with this notion that details and proofs should not be required at the pleadings stage, the Supreme Court has reiterated that a plaintiff's complaint need not anticipate or plead facts relating to affirmative defenses. Instead, affirmative defenses must be "pleaded and proved by the defendant who seeks to benefit from them." *Cunningham v. Cornell Univ.*, 604 U.S. 693, 702 (2025). This is still more binding Supreme Court precedent conclusively supporting Plaintiffs' argument—in Part III of their response brief—that this Court cannot dismiss claims based on McDonald's asserted statute of limitations defenses. Dkt. 29 at 8-13.

6. Plaintiffs submit that the decisions cited above support denying Defendants' motion to dismiss, and Plaintiffs thus presents it to the Court as supplemental authority.

RESPECTFULLY SUBMITTED,

**KENNETH MANNING, et al.**

BY: /s/ Steve Art
*One of Plaintiff's Attorneys*
Jon Loevy
Daniel M. Twetten
Steve Art
Quinn K. Rallins
LOEVY & LOEVY

311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607