**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MANNING, *et al.*, | ) | |
| | ) | No. 1:23-cv-00210 |
| *Plaintiffs*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| McDONALD'S USA, LLC, | ) | |
| McDONALD's CORPORATION, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO OPEN DISCOVERY</u>

The Manning Plaintiffs submit this memorandum in support of their Motion to Open Discovery.

### INTRODUCTION

The Manning Plaintiffs filed this case on August 31, 2020. More than five years later, the Manning Plaintiffs remain without any discovery. The long passage of time is causing increasing prejudice. While discovery remains stayed, memories are being lost, witnesses are passing away, and the Plaintiffs continue to suffer financially without recourse to recover their damages.

"Justice delayed is justice denied." *Schroeder v. City of Chicago*, 927 F.2d 957, 960 (7th Cir. 1991). If time continues to pass without the Manning Plaintiffs being allowed to prepare the record in this matter, the Manning Plaintiffs will be *de facto* denied their day in court because evidence and testimony will be diminished or lost, and the parties' ability to bring this case to trial will continue to be delayed.

Plaintiffs and their counsel are mindful of the Court's expansive docket, and Plaintiffs' counsel has heard the Court loud and clear in these and other pending cases that judicial resources are limited. Plaintiffs bring this motion not to be pushy, but merely to preserve their ability to prosecute their case. Whatever purpose a stay may have originally served, it has at this point outlived its usefulness. Given that at least some of claims for at least some of the Plaintiffs are exceedingly likely to survive a motion to dismiss under existing law, Plaintiffs respectfully submit that the balance of prejudice to the parties justifies lifting the stay of discovery at this time.

**FACTS**

The Manning Plaintiffs filed their initial complaint on August 31, 2020, and amended that complaint on November 16, 2020.[1] The Manning Plaintiffs[2] are Black franchisees who allege that McDonald's forcing them into worse-performing restaurants, denying them financial and other assistance provided to white franchisees, and ultimately forcing them out of the McDonald's system altogether.

---

[1] In 2023, after the Manning Plaintiffs substituted new counsel and filed an amended complaint, the Court severed the Manning Plaintiffs' claims from the plaintiffs in Case No. 20-cv-5132. In so doing, the Manning Plaintiffs' claims were assigned a new case number, but those claims were originally filed in the 20-cv-5132 action.

[2] The Manning Plaintiffs are: Annis Alston-Staley, Robert Bonner, Larry Brown, Benny Clark, Eleanor Clark, Glenda Claypool, Christine Crawford, Delores Crawford, Juneth Daniel, Yves Dominique, Wise Finley, Anthony George, Jacqueline George, Wesley Hall, Al Harris, Kristen Harris, Lawrence Holland, Douglas Hollis, Glenna Hollis, Van Jakes, Dwayne Richard Johnson, Laetittia Johnson, Harold Lewis, Jeremy Lewis, Keith Manning, Kenneth Manning, Joseph Mbanefo, Lois McGuire, Mitchell McGuire, Dwight Miller, Scott Miller, Dawn Mussenden, William Rasul, Jeffery Rogers, Carrie Salone, Jeremiah Simmons, Floyd Sims, Allen Stafford, Harry Staley, Karen Tancrede, Serge Tancrede, Gordon Thornton, Ronnie Thornton, Errol Thybulle, William (Pete) Washington, Lance Williams, and Jacquline Wynn.

Specifically, when the Manning Plaintiffs first came into the McDonald's system, McDonald's steered them to under-performing restaurants. Dkt. 2, ¶¶ 4, 8. When the Manning Plaintiffs worked to make their restaurants as successful as possible, McDonald's intentionally discriminated against them based on their race by denying them financing terms offered to white franchisees, imposing higher operational costs on them, and targeting Black franchisees to force out of the McDonald's system. Id. ¶¶ 5, 10-13. And when the Manning Plaintiffs sought to sell their restaurants, McDonald's forced them to sell them to hand-picked purchasers who often offered less money than the Manning Plaintiffs had been offered by other potential buyers. Id. ¶¶ 6, 18. While each of the Manning Plaintiffs experienced McDonald's race discrimination in particular ways, the common experience of the 48 Manning Plaintiffs demonstrate the pervasive nature of McDonald's misconduct. Id. ¶¶ 129-779 (detailing the allegations of each plaintiff).

On December 21, 2020, the Defendants moved to dismiss the Manning Plaintiffs' claims. Dkt. 38 in 20-cv-5132. On January 21, 2021, at the request of Defendants, and over the objection of the Manning Plaintiffs, this Court stayed discovery on the grounds that "the sufficiency of the complaint must come first." Dkt. 45 in 20-cv-5132.

On September 28, 2022, this Court granted Defendants' motion to dismiss without prejudice. Dkt. 63 in 20-cv-5132. The Court stated its reasons for dismissal on the record and granted plaintiffs leave to file a second amended complaint. *Id*.

On December 16, 2022, the Manning Plaintiffs filed their Second Amended Complaint, addressing the pleading deficiencies the Court had identified. Dkt. 78 in 20-cv-5132. On January 11, 2023, the Court severed the Manning Plainiffs from the remaining plaintiffs in the 20-cv-5132 matter, and ordered that the cases go forward in separately-numbered actions. Dkt. 83 in 20-cv-5132. The Court further ordered that "[d]iscovery in both cases remains stayed." *Id.*

3

On March 31, 2023, Defendants moved to dismiss the Second Amended Complaint. Dkt. 18. The Manning Plaintiffs responded to the motion to dismiss on June 5, 2023, and Defendants filed a reply brief on July 14, 2023. Dkts. 29, 31.

## ARGUMENT

I.     **There Is No Good Cause to Maintain the Discovery Stay**

The Federal Rules of Civil Procedure provide that discovery shall commence as soon as the parties have conferred pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1). See also Rule 1 (declaring that the Federal Rules of Civil Procedure should be construed and administered to "secure the just, speedy, and inexpensive determination of every action and proceeding.").

If a party opposes discovery commencing as allowed by the Rules, that party must move pursuant to Rule 26(c)(1) to stay discovery. While courts have the discretion to permit such a stay, *see Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002), the party requesting the stay bears the burden of proving that a stay is appropriate. *See Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

The mere filing of a motion to dismiss does not ordinarily entitle a defendant to a stay of discovery. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945, n.11 (7th Cir. 1988) ("[d]iscovery need not cease during the pendency of a motion to dismiss"). In this District, courts have considered the following factors when evaluating whether to stay discovery: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

4

Even if the calculus may have been different three years ago, at this point, Defendants can no longer carry their burden to establish that the discovery stay should remain in place.

*Prejudice to Plaintiffs*

The first factor weighs heavily in favor of the Manning Plaintiffs: they have been and will continue to be substantially prejudiced by the discovery stay. The Manning Plaintiffs have the ultimate burden of proving their claims, and the discovery stay prevents them from even getting out of the starting blocks to do so. Meanwhile, time passes and memories fade.

For example, several witnesses have died while discovery has been stayed in this case. Franchisees Reggie Webb and Curtis Parrish, both of whom had personal knowledge of McDonald's discrimination, have since passed away. So, too, have accountants Amy Williams and Hank Sines who have knowledge of the economic harms McDonald's caused certain franchisees. Key witnesses within McDonald's have also died, including Jessie Matthews, Pat Johnson, Toni Nightlinger, Annis Alston Staley, Joshua Sims, and Tina Sims. Because of the discovery stay, the Manning Plaintiffs will never be able to depose these witnesses and this case will have to be resolved without their testimony. Should the stay remain in place, it is highly likely that additional witnesses will die before their testimony can be preserved.

Other witnesses have suffered significant illnesses. And all witnesses are five years older and five years more removed from the relevant events. This prejudices Plaintiffs, because it gives cover to witnesses who dodge questions with "I don't recall."

The Manning Plaintiffs' ability to develop documentary evidence is also prejudiced by the stay. Although Defendants may have preserved some documents from the time this case was filed, other documents in Defendants' control very likely have been destroyed. Further, the documents that the Manning Plaintiffs would receive from Defendants would undoubtedly reveal

5

additional documents for the Plaintiffs to seek, including from third parties. It is almost a certainty that such third parties have been destroying documents over the past five years in the ordinary course of their business.

The Manning Plaintiffs are also harmed by the ongoing delay in receiving relief for the harm McDonald's caused them. Five years after filing their claims, the Manning Plaintiffs are no closer to having their day in court. Meanwhile, the Manning Plaintiffs continue to suffer financially and emotionally. To provide the Court with just a few examples, Plaintiff Joseph Mbanefo has been trying to live on a small Social Security check; he has been unable to pay his mortgage and his house is being foreclosed upon. Plaintiff Jeremiah Simmons was forced to file for bankruptcy in 2024. Other plaintiffs, including Juneth Daniel, Al Harris, and Kristen Harris, were forced to sell their homes and properties. Many plaintiffs have been left with little to no retirement assets at all, including Floyd Sims, Laetitia Johnson, Dawn Mussenden, and Harold Lewis. Each of these Plaintiffs alleges they have been financially harmed by McDonalds and is waiting to prove it. Because discovery in this case has been delayed for so long, any damages recovered by the Manning Plaintiffs will come only *after* they have continued to suffer the economic fallout of McDonald's action. Instead of being forced to continue to wait, this Court should permit discovery so that the Manning Plaintiffs can recover any damages to which they are entitled as soon as possible.

There are other human costs associated with delay. Many of the Manning Plaintiffs' careers as franchisees were elemental to their lives. They cared deeply about their restaurants and invested their time, money, and energy accordingly. It is hardly surprising, then, that the Manning Plaintiffs' claims are intensely important to them. Leaving the Manning Plaintiffs

6

unable to develop their claims perpetuates the harms they have suffered, compounding the damages.

On the other hand, McDonald's will not suffer any prejudice in the litigation by having the stay lifted, particularly after having already enjoyed such a lengthy delay. To the contrary, McDonald's will also be able to develop evidence through depositions and documents in a more timely manner.

In other contexts, delays as short as several months in commencing litigation have been held to be prejudicial. *See Hayes v. Board of Education for City of Chicago*, No. 21 C 1198, 2021 WL 8153761 at *2 (N.D. Ill. Dec. 22, 2021) (internal citations omitted) (denying motion to stay discovery because plaintiff had "valid concern" that nine months of time had already passed with no discovery). The Manning Plaintiffs have waited five years to start discovery. They should be allowed to go prove their claims.

*Simplification of the Issues*

As for the second factor – "whether a stay will simplify the issues in question and streamline the trial" – the pending motion to dismiss cannot be a sufficient basis alone for discovery to continue to be stayed.

Undoubtedly McDonald's believes its motion will be granted. However, such arguments "are entitled to little weight." *Witz v. Great Lakes Educational Services, Inc.*, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020). Continuing "a stay where a party asserts that dismissal is likely 'would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion." *Id.*

As set forth in Plaintiffs' response to the motion to dismiss, Dkt. 29, and in Plaintiffs' citations of additional authority, binding Supreme Court and Seventh Circuit precedents make

7

unmistakably clear that the notice pleading standards that apply in a race discrimination case like this one are not onerous, and that there is no requirement that a plaintiff include in a complaint allegations about elements, details, proof, or defenses. See Dkts. 29, 39, 51; *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024) (reversing dismissal of a race discrimination case and holding that "[l]ists of things that plaintiffs need to prove concern evidence (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings. All the complaint need do is state a grievance. Details and proofs come later."). In light of these decisions and standards—and given Plaintiffs' efforts to provide extreme detail in their amended complaint in response to deficient identified by the Court in its last decision in these cases— it is unlikely that McDonald's while obtain an outright dismissal of these cases.

*Burden of Litigation*

Lifting the discovery stay will not impose a burden on the parties or the Court that justifies the prejudice to the Manning Plaintiffs in maintaining the stay.

The only types of burdens that would arise if the discovery stay is lifted are those that arise whenever a case enters discovery. But those potential burdens are present every time a party files a motion to dismiss, and the Seventh Circuit holds that the mere filing of a motion to dismiss does not warrant a discovery stay. *See SK Hand Tool Corp.*, 852 F.2d at 945, n.11 (7th Cir. 1988).

Further, this Court's standing orders reflect the same principle and presumption: "The pendency of a motion, such as a motion to dismiss, does not operate as a stay of discovery." *See Case Procedures for Hon. Steven C. Seeger regarding discovery, available at: https://www.ilnd.uscourts.gov/judge_display.php?LastName=Seeger* (last visited September 9,

8

2025). Allowing the stay to continue because the parties would otherwise have to bear the typical burdens of discovery runs afoul of these principles.

Further, to the extent there would be any burdens imposed by discovery, those burdens are outweighed by the substantial prejudice that has been imposed on the Manning Plaintiffs by the five-year long stay. In the meantime, Defendants have already received the benefit of avoiding discovery for five years.

Finally, if this Court were to have any remaining concerns about the burdens of lifting the discovery stay, discovery could at least be allowed on a limited basis for the time being. For example, the Court could allow the Manning Plaintiffs to issue up to 20 requests for production for now instead of the unlimited number allowed by the Federal Rules and up to 10 interrogatories instead of the 25 allowed by the Rules, or some limited number of important depositions, or any other compromise the Court may find acceptable. Plaintiffs would be happy to discuss those possibilities with the Court if the Court so desires.

## CONCLUSION

For the foregoing reasons, the Manning Plaintiffs respectfully request that the Court lift the stay of discovery in this matter.

RESPECTFULLY SUBMITTED,
**KENNETH MANNING, et al.**
BY:     /s/ Dan Twetten
*One of Plaintiffs' Attorneys*
Jon Loevy
Daniel M. Twetten
Steve Art
Quinn K. Rallins
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

9