UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH MANNING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No.: 1:23-cv-00210<br><br>Hon. Judge Steven C. Seeger |

**JOINT SUBMISSION APPLYING THE *MCPHERSON* STATUTE OF LIMITATIONS RULINGS TO *MANNING* PLAINTIFFS**

Pursuant to the Court's April 28, 2026, Minute Entry [Dkt. 64], Plaintiffs and Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants" or "McDonald's," and together with Plaintiffs, the "Parties"), by and through their respective counsel, jointly submit this status report applying the statutes of limitations rulings in the related case, *McPherson v. McDonald's USA, LLC et al.*, No. 23-cv-2913, to the claims of the first five plaintiffs in this matter. *See* Dkt. 63. As reflected in the charts below, the Parties apply the *McPherson* limitations framework as directed by the Court, identifying the Parties' areas of agreement and disagreement as to timeliness and viability[1]. The Parties reserve all rights, claims, defenses, and arguments raised in connection with the pending motion to dismiss. *See* Dkts. 18-19, 29-31.

---

[1] The Parties disagree on the inclusion of a viability statement. Plaintiffs contend that doing so goes beyond what this Court has ordered and is unhelpful to the Court. From the Defendants' perspective, identifying the applicable statute of limitations addresses only one component of the issues raised in the pending motion to dismiss. *See* Dkts. 18-19, 29-31. The remaining

component—whether each timely claim is viable under Rule 12(b)(6)—is fully briefed and will necessarily inform the Court's evaluation of any claim that survives the limitations analysis. The intent is to provide the Court with a complete reference point when considering the pending motion.

2

| **Plaintiff Kenneth Manning \| McDonald's Entrance Date 3/30/2001, Exit Date 03/01/2017 (*King*, 20-cv-5132, Dkt. 98-2)** |||
|---|---|---|
| *Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 |||
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. *Second Amended Complaint* ("SAC"), ¶¶159-164. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2017, is timely, but **disagree** on viability because SAC ¶¶159-164 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶159-164. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2017, is timely, but **disagree** on viability because SAC ¶¶159-164 do not plausibly assert |

3

| | | |
|---|---|---|
| | | a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation[2]** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶145-147, 150-164. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶145-147, 150-164. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 1, 2017, are timely, but **disagree** on viability because SAC ¶¶145-164 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and March 1, 2017, are timely, but **disagree** on viability because SAC ¶¶145-147, 150-164 plead no actionable breach. *See* Dkt. 19 at 29-36. |

---

[2] This count is not included in *McPherson*, but the parties apply the same limitations reasoning that the Court applied to the other § 1982 count.

| Count VIII: Fraudulent Concealment<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶159-164. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and March 1, 2017, are timely, but **disagree** on viability because SAC ¶¶159-164 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
|---|---|---|
| Count IX: Tortious Interference<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015.[3] SAC ¶¶ 159-164. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| Count X: Unjust Enrichment<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 159-164. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

---

[3] Plaintiffs contend that Counts IX (Tortious Interference) and X (Unjust Enrichment) relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c), such that the five-year limitations periods allow for a claim based on conduct after June 8, 2015, and particularly so given that the Seventh Circuit has held on numerous occasions that complaint need only plead facts and need not plead legal theories at all. *McDonald v. Household Intern., Inc.*, 425 F.3d 424 (7th Cir. 2005). Defendants contend Counts IX and X do not relate back and that the five-year limitations periods allow for a claim based on conduct after December 16, 2017. Newly added claims in the Second Amended Complaint cannot relate back where the original pleading did not give the defendant "enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint to the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *see also*, *Hale v. U.S. Postal Serv.*, 663 F. Supp. 7, 9 (N.D. Ill. 1986), aff'd, 826 F.2d 1067 (7th Cir. 1987) (allowing relation back "in the absence of proper notice *within* the limitations period would result in prejudice by eliminating the statute of limitations defense") (emphasis original).

| | | |
|---|---|---|
| | | **Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**Plaintiff Christine Crawford | McDonald's Entrance Date 8/26/2005, Exit Date 03/01/2018 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely. |

| | | |
|---|---|---|
| | | **Agree** that post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and March 1, 2018, are timely, but **disagree** on |

| | | viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36. |
|---|---|---|
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶186, 188-200. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶196-200 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶197-200 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**Plaintiff Delores Crawford | McDonald's Entrance Date 11/01/1987, Exit Date 03/01/2018 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree** |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agreed** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agreed** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

9

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Agreed** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and March 1,2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶186, 188-200. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and March 1, 2018, are timely, but **disagree** on viability because SAC |

| | | ¶¶196-200 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
|---|---|---|
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶197-200 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**Plaintiff Keith Manning | McDonald's Entrance Date 09/18/1992, Exit Date 12/01/2017 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶173-178. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and December 1, 2017, is timely, but **disagree** on viability because SAC ¶¶173-174 are time-barred and ¶¶175-178 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶173-178. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and December 1, 2017, is timely, but **disagree** on viability because SAC ¶¶173-174 are time-barred and ¶¶175-178 do not plausibly assert a § 1981 claim |

12

| | | or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶170-178. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and December 1, 2017, are timely, but **disagree** on viability because SAC ¶¶170-178 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agreed** that alleged breach of Section 12 is dismissed.<br><br>**Agreed** that the SAC does not allege a breach of Section 15.. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 170-178. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and December 1, 2017, are timely, but **disagree** on viability because |

|  |  | SAC ¶¶175-178 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
|---|---|---|
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 170-178. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 170-178. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**Plaintiff Van Jakes | McDonald's Entrance Date 08/19/1992, Exit Date 01/04/2016 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶205-213. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and January 4, 2016, are timely, but **disagree** on viability because SAC ¶¶205-213 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 205-213. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and January 4, 2016, are timely, but **disagree** on viability because SAC ¶¶211-213 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See* *McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 205-213. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 205-213. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

16

| | | |
|---|---|---|
| | | **Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

Dated: June 22, 2026                    Respectfully submitted,


/s/ Dan Twetten                              /s/ Amy C. Andrews

Jon Loevy                                    Patricia Brown Holmes
Dan Twetten                                  Amy C. Andrews
Steve Art                                    Mary A. Laird
Quinn Rallins                                Nathan A. Shine
Loevy + Loevy                                Riley Safer Holmes & Cancila LLP
311 N. Aberdeen, Third Floor                 1 South Dearborn Street, Suite 2200
Chicago, Illinois 60607                      Chicago, Illinois 60603
(312) 243-5900                               (312) 741-8700
jon@loevy.com                                pholmes@rshc-law.com
dan@loevy.com                                aandrews@rshc-law.com
steve@loevy.com                              mlaird@rshc-law.com
rallins@loevy.com                            nshine@rshc-law.com

*Counsel for Plaintiffs*                     Ariel Schepers Wilson
                                             Riley Safer Holmes & Cancila LLP
                                             2723 S. State Street, Suite 150
                                             Ann Arbor, Michigan 48104
                                             (734) 773-4900
                                             awilson@rshc-law.com

                                             *Counsel for McDonald's USA, LLC and*
                                             *McDonald's Corporation*


18