**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENNETH MANNING, et al., <br><br>     Plaintiffs, <br><br>    v. <br><br> MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation, <br><br>     Defendants. | Case No.: 1:23-cv-00210 <br><br> Hon. Steven C. Seeger, <br> District Judge |

**JOINT STATUS REPORT**

Plaintiffs and Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants" or "McDonald's," and together with Plaintiffs, the "Parties"), by their attorneys, respectfully submit the following joint status report to provide the Court with their positions about a path forward in these cases:

1. Pursuant to the Court's April 28, 2026, Minute Entry [Dkt. 64], Plaintiffs and Defendants have jointly submitted a status report applying the statutes of limitations rulings in the related case, *McPherson v. McDonald's USA, LLC et al.*, No. 23-cv-2913, to the claims of the first five plaintiffs in this matter [Dkt. 66]. The Parties have endeavored to provide a simple chart of their positions applying the Court's *McPherson* limitations rulings to this case.

**Plaintiffs' Position:**

2. In Plaintiffs' view, this process can be repeated efficiently for all remaining Plaintiffs in the case. Plaintiffs propose that the Court set a schedule that would require Plaintiffs to provide Defendants with a draft chart for all remaining Plaintiffs by July 24; Defendants could

1

provide a response by August 14; and the Parties could file a chart for remaining Plaintiffs by August 28. That schedule will keep this litigation moving forward.

3. Moreover, Plaintiffs submit that the Court should set a deadline for the parties to confer about a schedule for discovery in this matter and to file a proposed discovery schedule, now that it is clear that Plaintiffs' claims will proceed into discovery. In Plaintiff's view, the Parties could complete that conferral and submit a proposed schedule by September 30, 2026.

**Defendants' Position:**

4. Defendants agree in principle that, following appropriate guidance from the Court, the Parties should continue addressing the statute-of-limitations issues as to the additional plaintiffs. Defendants, however, oppose the relief requested in Plaintiffs' proposal absent further direction from the Court regarding the appropriate format, scope, and content of any such submission, as well as a reasonable and realistic schedule that accounts for the number of plaintiffs and claims at issue.

5. Defendants also disagree with Plaintiffs' assertion that it is "clear" that these claims will proceed to discovery. The Parties remain in significant disagreement regarding the viability of all of Plaintiffs' claims, as reflected in the motions to dismiss and the Parties' submissions concerning the initial plaintiffs. Accordingly, it would be premature and inefficient to establish a discovery schedule before the Court has had the opportunity to evaluate the Parties' submissions and provide further guidance.

6. Moreover, Plaintiffs' proposal is inconsistent with the Court's prior directives regarding the staged approach to these proceedings. As the Court explained: "For now, the Court will start with the first five plaintiffs. This Court will give it a go, and see how it goes, before addressing the other plaintiffs. This Court can handle other plaintiffs in other tranches (to follow).

But hopefully doing things in bite-sized pieces will make things easier to swallow and digest." *Manning*, Dkt. 64; *King*, Dkt. 132. Plaintiffs' proposal would effectively bypass that incremental process by requiring expedited submissions as to all remaining plaintiffs before the Court has indicated whether the Parties' current charting is useful or reflects a format the Court envisioned.

7.      In addition, Plaintiffs again seek to advance discovery notwithstanding the Court's stay orders. *See Manning*, Dkt. 65 ("The stay will remain in effect until this Court resolves the motion to dismiss."); *King*, Dkt. 133 ("This Court put another plan in place at the status hearing on April 28, 2026. That plan governs. Discovery remains stayed in the meantime."). The circumstances underlying those stays have not changed, and Defendants respectfully submit that discovery should remain stayed pending the Court's resolution of the motions to dismiss and any further guidance regarding next steps.

Dated: July 9, 2026                                          RESPECTFULLY SUBMITTED,

<table>
<tr><td>/s/ Steve Art</td><td>/s/ Amy Andrews</td></tr>
<tr><td>

Jon Loevy
Dan Twetten
Steve Art
Quinn Rallins
Loevy + Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900
jon@loevy.com
dan@loevy.com
steve@loevy.com
rallins@loevy.com

*Counsel for Plaintiffs*
</td><td>

Patricia Brown Holmes
Amy C. Andrews
Mary A. Laird
Nathan A. Shine
Kaleigh Barrett
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 741-8700
pholmes@rshc-law.com
aandrews@rshc-law.com
mlaird@rshc-law.com
nshine@rshc-law.com
kbarrett@rshc-law.com

Ariel Schepers Wilson
Riley Safer Holmes & Cancila LLP
2723 S. State Street, Suite 150
Ann Arbor, Michigan 48104
</td></tr>
</table>

(734) 773-4900
awilson@rshc-law.com

*Counsel for McDonald's USA, LLC and*
*McDonald's Corporation*