**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| KENNETH MANNING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No.: 1:23-cv-00210<br><br>Hon. Judge Steven C. Seeger |

**JOINT SUBMISSION APPLYING THE *MCPHERSON* STATUTE OF LIMITATIONS RULINGS TO *MANNING* PLAINTIFFS**

Pursuant to the Court's April 28 and August 3, 2026, Minute Entries [Dkts. 64, 69], Plaintiffs and Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants" or "McDonald's," and together with Plaintiffs, the "Parties"), by and through their respective counsel, jointly submit this status report applying the statutes of limitations rulings in the related case, *McPherson v. McDonald's USA, LLC et al.*, No. 23-cv-2913, to Plaintiffs' claims in this matter. *See* Dkt. 63. As reflected in the charts below, the Parties apply the *McPherson* limitations framework as directed by the Court, identifying the Parties' areas of agreement and disagreement as to timeliness and viability[1]. The Parties reserve all rights, claims, defenses, and

[1] The Parties disagree on the inclusion of a viability statement. Plaintiffs contend that doing so goes beyond what this Court has ordered and is unhelpful to the Court. From the Defendants' perspective, identifying the applicable statute of limitations addresses only one component of the issues raised in the pending motion to dismiss. *See* Dkts. 18-19, 29-31. The remaining component—whether each timely claim is viable under Rule 12(b)(6)—is fully briefed and will necessarily inform the Court's evaluation of any claim that survives the limitations analysis. The intent is to provide the Court with a complete reference point when considering the pending motion.

arguments raised in connection with the pending motion to dismiss briefing. *See* Dkts. 18-19, 29-31.

| 1. **Plaintiff Kenneth Manning \| McDonald's Entrance Date 3/30/2001, Exit Date 03/01/2017 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. *Second Amended Complaint* ("SAC"), ¶¶159-164. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2017, is timely, but **disagree** on viability because SAC ¶¶159-164 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶159-164. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2017, is timely, but **disagree** on viability because SAC ¶¶159-164 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation**[2] | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶145-147, 150-164. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶145-147, 150-164. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 1, 2017, are timely, but **disagree** on viability because SAC ¶¶145-164 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and March 1, 2017, are timely, but **disagree** on viability because SAC ¶¶145-147, 150-164 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment** | Survives for alleged concealment after June 8, 2015. SAC ¶¶159-164. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely. |

[2] This count is not included in *McPherson*, but the parties apply the same limitations reasoning that the Court applied to the other § 1982 count.

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-215. | | **Agree** that allegations relating to supposed fraud between June 8, 2015, and March 1, 2017, are timely, but **disagree** on viability because SAC ¶¶159-164 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015.[3] SAC ¶¶ 159-164. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 159-164. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

[3] Plaintiffs contend that Counts IX (Tortious Interference) and X (Unjust Enrichment) relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c), such that the five-year limitations periods allow for a claim based on conduct after June 8, 2015, and particularly so given that the Seventh Circuit has held on numerous occasions that complaint need only plead facts and need not plead legal theories at all. *McDonald v. Household Intern., Inc.*, 425 F.3d 424 (7th Cir. 2005). Defendants contend Counts IX and X do not relate back and that the five-year limitations periods allow for a claim based on conduct after December 16, 2017. Newly added claims in the Second Amended Complaint cannot relate back where the original pleading did not give the defendant "enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint to the amended one." *Santamarina v. Sears, Roebuck & Co*., 466 F.3d 570, 573 (7th Cir. 2006); *see also*, *Hale v. U.S. Postal Serv.*, 663 F. Supp. 7, 9 (N.D. Ill. 1986), aff'd, 826 F.2d 1067 (7th Cir. 1987) (allowing relation back "in the absence of proper notice *within* the limitations period would result in prejudice by eliminating the statute of limitations defense") (emphasis original).

**2. Plaintiff Christine Crawford | McDonald's Entrance Date 8/26/2005, Exit Date 03/01/2018 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim |

| | | |
|---|---|---|
| | | or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment** | Survives for alleged concealment after June 8, 2015. SAC ¶¶186, 188-200. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-215. | | **Agree** that allegations relating to supposed fraud between June 8, 2015, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶196-200 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See* *McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶197-200 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **3. Plaintiff Delores Crawford \| McDonald's Entrance Date 11/01/1987, Exit Date 03/01/2018 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree** |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶196-200. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that post-contract formation conduct between June 8, 2016, and March 1, 2018, is timely, but **disagree** on viability because SAC ¶¶196-200 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 1, 2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and March 1,2018, are timely, but **disagree** on viability because SAC ¶¶186, 188-200 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶186, 188-200. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and March 1, 2018, are timely, but **disagree** on viability because SAC |

| | | |
|---|---|---|
| | | ¶¶196-200 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶197-200 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶186, 188-200. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **4. Plaintiff Keith Manning \| McDonald's Entrance Date 09/18/1992, Exit Date 12/01/2017 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶173-178. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and December 1, 2017, is timely, but **disagree** on viability because SAC ¶¶173-174 are time-barred and ¶¶175-178 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶173-178. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and December 1, 2017, is timely, but **disagree** on viability because SAC ¶¶173-174 are time-barred and ¶¶175-178 do not plausibly assert a § 1981 claim |

| | | |
|---|---|---|
| | | or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶170-178. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and December 1, 2017, are timely, but **disagree** on viability because SAC ¶¶170-178 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 170-178. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and December 1, 2017, are timely, but **disagree** on viability because |

| | | |
|---|---|---|
| | | SAC ¶¶175-178 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 170-178. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 170-178. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**5. Plaintiff Van Jakes | McDonald's Entrance Date 08/19/1992, Exit Date 01/04/2016 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶205-213. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and January 4, 2016, are timely, but **disagree** on viability because SAC ¶¶205-213 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 205-213. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and January 4, 2016, are timely, but **disagree** on viability because SAC ¶¶211-213 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 205-213. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 205-213. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

| | | |
|---|---|---|
| | | **Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **6. Plaintiff Annis Alson-Staley \| McDonald's Entrance Date 6/1/1994, Exit Date 09/28/2015 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree**. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶223-224. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and September 28, 2015, are timely, but **disagree** on viability because SAC ¶¶223-224 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶223-224. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and September 28, 2015, are timely, but **disagree** on viability because SAC ¶¶223-224 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶223-224. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. ¶¶223-224. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **7. Plaintiff Harry Staley \| McDonald's Entrance Date 11/22/1996, Exit Date 09/28/2015 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶223-224. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and September 28, 2015, are timely, but **disagree** on viability because SAC ¶¶223-224 plead no actionable breach.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶223-224. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and September 28, 2015, are timely, but **disagree** on viability because SAC ¶¶223-224 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶223-224. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶223-224. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | **Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **8. Plaintiff Robert Bonner \| McDonald's Entrance Date 09/28/1990, Exit Date 06/01/2013 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶ 230-233. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶230-233. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches that predate November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and June 1, 2013, are timely, but **disagree** on viability because SAC ¶¶230-233 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between November 16, 2010, and June 1, 2013, are timely, but **disagree** on viability because SAC ¶¶230-233 plead no actionable breach. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | |

<table>
<tr><th colspan="3">9. Plaintiff Larry Brown | McDonald's Entrance Date 07/15/2000, Exit Date 1/6/2017 (King, 20-cv-5132, Dkt. 98-2)<br>Manning et al., v. McDonald's USA, LLC et al., 1:23-cv-00210<br>Filed August 31, 2020, under Crawford et al., v. McDonald's USA, LLC et al., 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in Crawford beginning June 8, 2020</th></tr>
<tr><th>Count</th><th>Plaintiff's Position</th><th>Defendants' Position</th></tr>
<tr><td>Count I: § 1981 Contracting Discrimination<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63.</td><td>Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶245-246. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff.</td><td>Agree that all pre-contract formation conduct is dismissed as untimely.<br><br>Agree that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>Agree that limited post-contract formation conduct between June 8, 2016, and January 6, 2017, is timely, but disagree on viability because SAC ¶¶245-246 do not plausibly assert a § 1981 claim. See Dkt. 19 at 18-27.</td></tr>
<tr><td>Count II: § 1981 Pattern and Practice</td><td>Dismissed. Dkt. 63.</td><td>Agree.</td></tr>
<tr><td>Count III: § 1981 Contracting Retaliation<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63.</td><td>Survives for alleged contracting retaliation after June 8, 2016. SAC ¶¶245-246. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise dismissed as untimely as to this plaintiff.</td><td>Agree that all pre-contract formation conduct is dismissed as untimely.<br><br>Agree that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>Agree that limited post-contract formation conduct between June 8, 2016, and January 6, 2017, is timely, but disagree on viability because SAC ¶¶245-246 do not plausibly assert</td></tr>
</table>

| | | |
|---|---|---|
| | | a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree**. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶237-246. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 245-246. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and January 6, 2017, are timely, but **disagree** on viability because SAC ¶¶237-246 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and January 6, 2017, are timely, but **disagree** on viability because SAC ¶¶245-246 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment** | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 238-241, 245-246. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-215. | | **Agree** that allegations relating to supposed fraud between June 8, 2015, and January 6, 2017, is timely, but **disagree** on viability because SAC ¶¶238-246 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 238-241, 245-246. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 238-241, 245-246. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**10. Plaintiff Benny Clark | McDonald's Entrance Date 08/12/1971, Exit Date 11/01/2019 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 249-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 1, 2019, is timely, but **disagree** on viability because SAC ¶¶249-252 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation after June 8, 2016. SAC ¶¶ 249-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 1, 2019, is timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶249-252 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018.[4] SAC ¶¶ 251-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged leasing retaliation after June 8, 2018. SAC ¶¶ 251-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract** | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶249-252. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely. |

[4] Plaintiffs contend that Counts IV (Section 1982 Leasing Discrimination) and VI (Section 1982 Leasing Retaliation) relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c), such that the two-year limitations periods allow for a claim based on conduct after June 8, 2018, and particularly so given that the Seventh Circuit has held on numerous occasions that complaint need only plead facts and need not plead legal theories at all. *McDonald v. Household Intern., Inc.*, 425 F.3d 424 (7th Cir. 2005). Defendants disagree that the original pleading provided fair notice.

Defendants assert that Sections 1981 and 1982 protect categorically distinct substantive rights—contractual rights versus property rights—and a complaint alleging only a § 1981 contractual discrimination claim does not provide fair notice of a § 1982 property-rights claim. Adding a § 1982 claim for the first time therefore cannot relate back where the original pleading did not give the defendant "enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co*., 466 F.3d 570, 573 (7th Cir. 2006); *see also*, *Hale v. U.S. Postal Serv.*, 663 F. Supp. 7, 9 (N.D. Ill. 1986), aff'd, 826 F.2d 1067 (7th Cir. 1987) (allowing relation back "in the absence of proper notice *within* the limitations period would result in prejudice by eliminating the statute of limitations defense") (emphasis original). Plaintiffs disagree that the original pleading failed to provide fair notice.

| | | |
|---|---|---|
| Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and November 1, 2019, are timely, but **disagree** on viability because SAC ¶¶249-252 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 251-252. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and November 1, 2019, are timely, but **disagree** on viability because SAC ¶¶251-252 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 251-252. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶251-252 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 251-252. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **11. Plaintiff Eleanor Clark \| McDonald's Entrance Date 08/12/1971, Exit Date 11/01/2019 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 249-252. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 1, 2019, is timely, but **disagree** on viability because SAC ¶¶249-252 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 249-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 1, 2019, is timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶249-252 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018. SAC ¶¶ 249-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged leasing retaliation after June 8, 2018. SAC ¶¶ 249-252. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶249-252. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and November 1, 2019, are timely, but **disagree** on viability because SAC ¶¶249-252 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |

| | | |
|---|---|---|
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 249-252. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and November 1, 2019, are timely, but **disagree** on viability because SAC ¶¶251-252 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 249-252. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates November 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶251-252 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 249-252. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates November 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**12. Plaintiff Glenda Claypool | McDonald's Entrance Date 04/18/2011, Exit Date 3/15/2014 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶258-261. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶ 261. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and March 15, 2014, are timely, but **disagree** on viability because SAC ¶¶258-261 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between November 16, 2010, and March 15, 2014, are timely, but **disagree** on viability because SAC ¶261 pleads no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | |

**13. Plaintiff Juneth Daniel | McDonald's Entrance Date 4/23/2008, Exit Date 8/01/2018 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 278-296. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and August 1, 2018, is timely, but **disagree** on viability because SAC ¶¶278-296 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 278-296. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and August 1, 2018, is timely, but **disagree** on viability because SAC ¶¶278-296 do not plausibly assert |

| | | |
|---|---|---|
| | | a § 1981 claim or contain allegations of <u>retaliation. *See* Dkt. 19 at 18-27.</u> |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018. SAC ¶¶ 278-296. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged leasing retaliation after June 8, 2018. SAC ¶¶ 278-296. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶ 268-296. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 289, 296. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and August 1, 2018, are timely, but **disagree** on viability because SAC ¶¶271-296 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and August 1, 2018, are timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶289, 296 plead no actionable breach. *See* Dkt. 18 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 276-296. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and August 1, 2018, are timely, but **disagree** on viability because SAC ¶¶276-296 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See* *McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 276-296. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶285-296 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 276-296. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**14. Plaintiff Yves Dominique | McDonald's Entrance Date 8/1/2008, Exit Date 4/1/2017 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 297-306. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and April 1, 2017, is timely, but **disagree** on viability because SAC ¶306 does not plausibly state a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 297-306. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and April 1, 2017, is timely, but **disagree** on viability because SAC ¶306 does not plausibly state a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018. SAC ¶¶ 297-306. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged leasing retaliation after June 8, 2018. SAC ¶¶ 297-306. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶ 297-306. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and April 1, 2017, are timely, but **disagree** on viability because SAC ¶¶303-306 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment** | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 297-306. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-215. | | **Agree** that allegations relating to supposed fraud between June 8, 2015, and April 1, 2017, are timely, but **disagree** on viability because SAC ¶¶305-306 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 297-306. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶306 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 297-306. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **15. Plaintiff Wise Finley \| McDonald's Entrance Date 01/25/1987, Exit Date 6/1/2016 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶328-332. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 328-332. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and June 1, 2016, are timely, but **disagree** on viability because SAC ¶¶328-332 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and June 1, 2016, are timely, but **disagree** on viability because SAC ¶¶328-332 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 329-332. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and June 1, 2016, are timely, but **disagree** on viability because SAC ¶¶329-332 fails to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 329-332. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 329-332. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**16. Plaintiff Jacqueline George | McDonald's Entrance Date 11/20/1990, Exit Date 2/1/2012 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶337-338. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and February 1, 2012, are timely, but **disagree** on viability because SAC ¶¶337-338 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**17. Plaintiff Anthony George | McDonald's Entrance Date 10/22/1990, Exit Date 2/1/2012 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶337-338. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and February 1, 2012, are timely, but **disagree** on viability because SAC ¶¶337-338 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| **18. Plaintiff Wesley Hall \| McDonald's Entrance Date 10/10/1999, Exit Date 5/14/2010 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶354-355. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Disagree** on viability because conduct that predates November 16, 2010, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| **19. Plaintiff Al Harris \| McDonald's Entrance Date 06/29/1998, Exit Date 11/16/2019 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 16, 2019, is timely, but **disagree** on viability because SAC ¶¶377-383 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation after June 8, 2016. SAC ¶¶16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 16, 2019, is timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶377-383 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018. SAC ¶¶ 16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged leasing retaliation after June 8, 2018. SAC ¶¶ 16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶249-252. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and November 16, 2019, are timely, but **disagree** on viability because SAC ¶¶370-383 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |

| | | |
|---|---|---|
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 376-383. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and November 16, 2019, are timely, but **disagree** on viability because SAC ¶¶377-383 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 376-383. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶377-383 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 376-383. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**20. Plaintiff Kristen Harris | McDonald's Entrance Date 06/29/1998, Exit Date 11/16/2019 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 16, 377-383. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 16, 2019, is timely, but **disagree** on viability because SAC ¶¶377-383 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and November 16, 2019, is timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶377-383 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27 |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2018. SAC ¶¶ 16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶ 16, 377-383. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶249-252. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and November 16, 2019, are timely, but **disagree** on viability because SAC ¶¶370-383 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |

| | | |
|---|---|---|
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 376-383. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and November 16, 2019, are timely, but **disagree** on viability because SAC ¶¶377-383 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 376-383. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶377-383 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 376-383. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**21. Plaintiff Lawrence Holland | McDonald's Entrance Date 12/31/2004, Exit Date 10/29/2013 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶393-399. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and October 29, 2013, are timely, but **disagree** on viability because SAC ¶¶393-399 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**22. Plaintiff Glenna Hollis | McDonald's Entrance Date 3/4/1988, Exit Date 6/24/2013 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶411-412. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and June 24, 2013, are timely, but **disagree** on viability because SAC ¶¶411-412 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**23. Plaintiff Douglas Hollis | McDonald's Entrance Date 3/4/1988, Exit Date 6/24/2013 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶411-412. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and June 24, 2013, are timely, but **disagree** on viability because SAC ¶¶411-412 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**24. Plaintiff Laetitia Johnson | McDonald's Entrance Date 12/31/1995, Exit Date 01/26/2018 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged post-contract race discrimination after June 8, 2016. SAC ¶¶ 425-426. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and January 26, 2018, is timely, but **disagree** on viability because SAC ¶¶425-426 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶425-426. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and January 26, 2018, is timely, but **disagree** on viability because SAC ¶¶425-426 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2018. SAC ¶¶ 425-426. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶ 425-426. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶417-426. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶ 426. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and January 26, 2018, are timely, but **disagree** on viability because SAC ¶¶417-426 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and January 26, 2018, are timely, but **disagree** on viability because SAC ¶426 pleads no actionable breach. *See* Dkt. 19 at 29-36. |

| | | |
|---|---|---|
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 417-426. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and January 26, 2018, are timely, but **disagree** on viability because SAC ¶¶417-426 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 417-426. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶418-426 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 416-426. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**25. Plaintiff Harold Lewis | McDonald's Entrance Date 2/09/1987, Exit Date 05/29/2015 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶431-440. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and May 29, 2015, are timely, but **disagree** on viability because SAC ¶¶431-440 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**26. Plaintiff Jeremy Lewis | McDonald's Entrance Date 6/24/2008, Exit Date 05/29/2015 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶434-440. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and May 29, 2015, are timely, but **disagree** on viability because SAC ¶¶434-440 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**27. Plaintiff Joseph Mbanefo | McDonald's Entrance Date 3/13/1998, Exit Date 12/31/2012 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶456-466. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 464-466. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and December 31, 2012, are timely, but **disagree** on viability because SAC ¶¶456-466 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and December 31, 2012, are timely, but **disagree** on viability because SAC ¶¶464-466 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | |

| **28. Plaintiff Lois McGuire \| McDonald's Entrance Date 6/1/2000, Exit Date 6/20/2016 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶479-484. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and June 20, 2016, are timely, but **disagree** on viability because SAC ¶¶479-484 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶483-484. Dkt. 2. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and June 20, 2016, are timely, but **disagree** on viability because SAC ¶¶483-484 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 483-484. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 483-484. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**29. Plaintiff Mitchell McGuire | McDonald's Entrance Date 6/1/2000, Exit Date 6/20/2016 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶479-484. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and June 20, 2016, are timely, but **disagree** on viability because SAC ¶¶479-484 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶483-484. Dkt. 2. These allegations plausibly state a claim for relief.. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and June 20, 2016, are timely, but **disagree** on viability because SAC ¶¶483-484 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 483-484. These allegations plausibly state a claim for relief.. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Survives for alleged unjust enrichments after June 8, 2015. SAC ¶¶ 483-484. Dkt. 2. These allegations plausibly state a claim for relief.. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**30. Plaintiff Scott Miller | McDonald's Entrance Date 6/30/1997, Exit Date 03/13/2019 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 490-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and March 13, 2019, is timely, but **disagree** on viability because SAC ¶¶490-504 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation after June 8, 2016. SAC ¶¶490-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and March 13, 2019, is timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶490-504 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018. SAC ¶¶ 501-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶ 501-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶487-504. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 499-504. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and March 13, 2019, are timely, but **disagree** on viability because SAC ¶¶487-504 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between November 16, 2010, and March 13, 2019, are viable, but |

| | | |
|---|---|---|
| | | **disagree** on viability because SAC ¶¶499-504 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 490-504. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and March 13, 2019, are timely, but **disagree** on viability because SAC ¶¶490-504 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 490-504. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶490-504 fail to plead any contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 490-504. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**31. Plaintiff Dwight Miller | McDonald's Entrance Date 6/30/1997, Exit Date 03/13/2019 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 490-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and March 13, 2019, is timely, but **disagree** on viability because SAC ¶¶490-504 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation after June 8, 2016. SAC ¶¶490-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and March 13, 2019, is timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶490-504 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2018. SAC ¶¶ 501-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶ 501-504. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. *See* Dkt. 19 at 27-29. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶487-504. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 499-504. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and March 13, 2019, are timely, but **disagree** on viability because SAC ¶¶487-504 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between November 16, 2010, and March 13, 2019, are timely, but |

| | | |
|---|---|---|
| | | **disagree** on viability because SAC ¶¶499-504 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 490-504. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and March 13, 2019, are timely, but **disagree** on viability because SAC ¶¶490-504 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 490-504. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶490-504 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 490-504. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**32. Plaintiff Dawn Mussenden | McDonald's Entrance Date 8/18/1991, Exit Date 1/31/2017 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 16, 524-527. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and January 31, 2017, is timely, but **disagree** on viability because SAC ¶¶524-527 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶16, 524-527. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and January 31, 2017, is timely, but **disagree** on viability because SAC ¶¶524-527 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that this claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that this claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶16, 524-527. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and January 31, 2017, are timely, but **disagree** on viability because SAC ¶¶524-527 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 16, 524-527. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and January 31, 2017, are timely, but **disagree** on viability because SAC ¶¶524-527 fail to plead with particularity. *See* Dkt. 19 at 36-42. |

| | | |
|---|---|---|
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 16, 524-527. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 16, 524-527. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **33. Plaintiff William Rasul \| McDonald's Entrance Date 12/10/1999, Exit Date 7/24/2010 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶533-534. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and July 24, 2010, are timely, but **disagree** on viability because SAC ¶¶533-534 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| **34. Plaintiff Dwayne Richard Johnson \| McDonald's Entrance Date 3/8/1993, Exit Date 3/7/12 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶547-548. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and March 7, 2012, are timely, but **disagree** on viability because SAC ¶¶547-548 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that the SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| **35. Plaintiff Jeffery Rogers \| McDonald's Entrance Date 8/1/2005, Exit Date 5/1/2011 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶575-580. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶ 578. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and May 1, 2011, are timely, but **disagree** on viability because SAC ¶¶575-580 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and May 1, 2011, are timely, but **disagree** on viability because SAC ¶578 pleads no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | |

| **36. Plaintiff Carrie Salone \| McDonald's Entrance Date 2/19/2003, Exit Date 8/26/2016 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 601-604. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and August 26, 2016, is timely, but **disagree** on viability because SAC ¶¶601-604 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶601-604. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and August 26, 2016, is timely, but **disagree** on viability because SAC ¶¶601-604 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶597-604. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 601-603. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and August 26, 2016, are timely, but **disagree** on viability because SAC ¶¶597-604 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and August 26, 2016, are timely, but **disagree** on viability because SAC ¶¶601-603 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 597-604. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and August 26, 2016, are |

| | | |
|---|---|---|
| | | timely, but **disagree** on viability because SAC ¶¶597-604 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 597-604. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 597-604. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

**37. Plaintiff Jeremiah Simmons | McDonald's Entrance Date 2/1/1998, Exit Date 6/21/2010 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶614-616. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 615-616. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and June 21, 2010, are timely, but **disagree** on viability because SAC ¶¶614-616 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between June 8, 2010, and June 21, 2010, are timely, but **disagree** on viability because SAC ¶¶615-616 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-205. | | |

| **38. Plaintiff Floyd Sims \| McDonald's Entrance Date 1/8/2000, Exit Date 05/18/2018 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 640-656. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and May 18, 2018, is timely, but **disagree** on viability because SAC ¶¶640-656 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation after June 8, 2016. SAC ¶¶640-656. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and May 18, 2018, is timely, but **disagree** on viability because SAC ¶¶640-656 do not plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |

| | | |
|---|---|---|
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing race discrimination after June 8, 2018. SAC ¶¶16, 651-656. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶16, 651-656. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶625-656. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and May 18, 2018, are timely, but **disagree** on viability because SAC ¶¶625-656 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment** | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 632-656. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely. |

| | | |
|---|---|---|
| 5-year statute of limitations. *See* 735 ILCS 5/13-215. | | **Agree** that allegations relating to supposed fraud between June 8, 2015, and May 18, 2018, are timely, but **disagree** on viability because SAC ¶¶632-656 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See* *McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 632-656. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶ 632-656 please no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 632-656. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **39. Plaintiff Allen Stafford \| McDonald's Entrance Date 10/9/1992, Exit Date 7/22/2019 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 665-666, 672-676. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and July 22, 2019, is timely, but **disagree** on viability because SAC ¶¶664-666, 672-676 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶665-666, 672-676. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and July 22, 2019, is timely, but **disagree** on viability because SAC ¶¶664-666, 672-676 do not |

| | | |
|---|---|---|
| | | plausibly assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2018. SAC ¶¶665-666, 673-676. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶665-666, 673-676. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶664-666, 672-676. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and July 22, 2019, are timely, but **disagree** on viability because SAC ¶¶664-666, 672-676 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |

| | | |
|---|---|---|
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 665-666, 673-676. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and July 22, 2019, are timely, but **disagree** on viability because SAC ¶¶664-666, 672-676 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 665-666, 673-676. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶665-666, 672-676 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 665-666, 673-676. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **40. Plaintiff Serge Tancrede \| McDonald's Entrance Date 1/13/2004, Exit Date 10/31/2011 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶690-703. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and October 31, 2011, are timely, but **disagree** on viability because SAC ¶¶690-703 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| **41. Plaintiff Karen Tancrede \| McDonald's Entrance Date 1/13/2004, Exit Date 10/31/2011 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶690-703. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and October 31, 2011, are timely, but **disagree** on viability because SAC ¶¶690-703 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**42. Plaintiff Gordon Thornton | McDonald's Entrance Date 9/30/1993, Exit Date 4/17/2012 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶706-709. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and April 17, 2012, are timely, but **disagree** on viability because SAC ¶¶706-709 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**43. Plaintiff Ronnie Thornton | McDonald's Entrance Date 9/11/1998, Exit Date 8/1/2017 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 717. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and August 1, 2017, is timely, but **disagree** on viability because SAC ¶717 does not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation discrimination after June 8, 2016. SAC ¶¶ 717. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and August 1, 2017, is timely, but **disagree** on viability because SAC ¶717 does not plausibly |

| | | |
|---|---|---|
| | | assert a § 1981 claim or contain allegations of retaliation. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶716-717. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and December 1, 2017, are timely, but **disagree** on viability because SAC ¶¶716-717 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 717. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates June 8, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between June 8, 2015, and August 1, 2017, are timely, but **disagree** on viability because SAC |

| | | |
|---|---|---|
| | | ¶717 fails to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 717. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 717. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **44. Plaintiff Errol Thybulle \| McDonald's Entrance Date 4/11/1990, Exit Date 7/1/2011 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 1)<br>Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶723-725. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating June 8, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between June 8, 2010, and July 1, 2011, are timely, but **disagree** on viability because SAC ¶¶723-725 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| **45. Plaintiff William (Pete) Washington \| McDonald's Entrance Date 9/1/2005, Exit Date 5/1/2016**<br>**(*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶730-733. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and May 1, 2016, are timely, but **disagree** on viability because SAC ¶¶730-733 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 731-733. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to supposed fraud between November 16, 2015, and May 1, 2016, are timely, but **disagree** on viability because SAC ¶¶731-733 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 731-733. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

| | | |
|---|---|---|
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 731-733. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| 46. Plaintiff Lance Williams \| McDonald's Entrance Date 4/1/1987, Exit Date 4/1/2013 (*King*, 20-cv-5132, Dkt. 98-2)<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶739-742. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Complaint does not allege a violation of Section 15. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and April 1, 2013, are timely, but **disagree** on viability because SAC ¶¶739-742 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that SAC does not allege a breach of Section 15. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

**47. Plaintiff Norman Williams | McDonald's Entrance Date 8/19/1992, Exit Date 12/1/2018 (*King*, 20-cv-5132, Dkt. 98-2)**
*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)
Newly added plaintiff with filing of the First Amended Complaint ("FAC")

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract race discrimination after June 8, 2016. SAC ¶¶ 761-762. Dkt. 2.These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and December 1, 2018, are timely, but **disagree** on viability because SAC ¶¶761-762 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Survives for alleged contract retaliation after June 8, 2016. SAC ¶¶761-762. Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and December 1, 2018, are timely, but **disagree** on |

| | | |
|---|---|---|
| | | viability because SAC ¶¶761-762 do not plausibly assert a § 1981 claim. *See* Dkt. 19 at 18-27. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Survives for alleged leasing discrimination after June 8, 2018. SAC ¶¶761-762 Dkt. 2. These allegations plausibly state a claim for relief.<br><br>Otherwise, dismissed as untimely as to this plaintiff. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count VI: § 1982 Leasing Retaliation** | Survives for alleged retaliation after June 8, 2018. SAC ¶¶761-762. Dkt. 2. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶759-762. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶¶ 761-762. These allegations plausibly state a claim for relief. | **Agree** that alleged breaches predating November 16, 2010, are dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and December 1, 2018, are timely, but **disagree** on viability because SAC ¶¶759-762 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between November 16, 2020, and December 1, 2018, are timely, but |

| | | |
|---|---|---|
| | | **disagree** on viability because SAC ¶¶771-772 plead no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Survives for alleged concealment after June 8, 2015. SAC ¶¶ 665-666, 673-676. These allegations plausibly state a claim for relief. | **Agree** that alleged conduct that predates November 16, 2015, is dismissed as untimely.<br><br>**Agree** that allegations relating to a supposed fraud between November 16, 2015, and December 1, 2018, are timely, but **disagree** on viability because SAC¶¶761-762 fail to plead with particularity. *See* Dkt. 19 at 36-42. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Survives for alleged tortious interference after June 8, 2015. SAC ¶¶ 761-762. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶761-762 plead no contractual breach. *See* Dkt. 19 at 43-45. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Survives for alleged unjust enrichment after June 8, 2015. SAC ¶¶ 761-762. These allegations plausibly state a claim for relief. | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because the parties' relationship was governed by an express written contract. *See* Dkt. 19 at 45-48. |

| **48. Plaintiff Jacqueline Wynn \| McDonald's Entrance Date 3/4/1988, Exit Date 12/16/2011 (*King*, 20-cv-5132, Dkt. 98-2)**<br>*Manning et al., v. McDonald's USA, LLC et al.*, 1:23-cv-00210<br>Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.*, 1:20-cv-05132 (Dkt. 30)<br>Newly added plaintiff with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count II: § 1981 Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |
| **Count III: § 1981 Contracting Retaliation**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 63.<br><br>Post-formation: 4-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IV: § 1982 Leasing Discrimination**<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 63. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count V: § 1982 Leasing Pattern and Practice** | Dismissed. Dkt. 63. | **Agree**. |

| | | |
|---|---|---|
| **Count VI: § 1982 Leasing Retaliation** | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count VII: Breach of Contract**<br><br>Section 3 of the Franchise Agreement ("FA"): 10-year statute of limitations. Dkt. 63.<br><br>Section 12 of the FA dismissed. Dkt. 63. | Survives for breach of Section 3 of the FA taking place after June 8, 2010. SAC ¶¶774-779. These allegations plausibly state a claim for relief.<br><br>Claims for breach of Section 12 dismissed.<br><br>Survives for breach of Section 15 of the FA taking place after June 8, 2010. SAC ¶ 779. These allegations plausibly state a claim for relief. | **Agree** that allegations relating to a supposed breach of Section 3 between November 16, 2010, and December 16, 2011, are timely, but **disagree** on viability because SAC ¶¶774-779 plead no actionable breach. *See* Dkt. 19 at 29-36.<br><br>**Agree** that alleged breach of Section 12 is dismissed.<br><br>**Agree** that allegations relating to a supposed breach of Section 15 between November 16, 2010, and December 16, 2011, are timely, but **disagree** on viability because SAC ¶779 pleads no actionable breach. *See* Dkt. 19 at 29-36. |
| **Count VIII: Fraudulent Concealment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count IX: Tortious Interference**<br><br>5-year statute of limitations. *See McPherson*, Dkt. 43 at 55. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |
| **Count X: Unjust Enrichment**<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-205. | Dismissed as untimely as to this plaintiff. | **Agree** that claim should be dismissed as untimely. |

Dated: August 31, 2026

Respectfully submitted,

/s/ Dan Twetten

Jon Loevy
Dan Twetten
Steve Art
Quinn Rallins
Loevy + Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900
jon@loevy.com
dan@loevy.com
steve@loevy.com
rallins@loevy.com

*Counsel for Plaintiffs*

/s/ Amy C. Andrews

Patricia Brown Holmes
Amy C. Andrews
Mary A. Laird
Nathan A. Shine
Kaleigh A. Barrett
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 741-8700
pholmes@rshc-law.com
aandrews@rshc-law.com
mlaird@rshc-law.com
nshine@rshc-law.com
kbarrett@rshc-law.com

Ariel Schepers Wilson
Riley Safer Holmes & Cancila LLP
2723 S. State Street, Suite 150
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

*Counsel for McDonald's USA, LLC and McDonald's Corporation*