**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MANNING, *et al.*, | ) | |
| | ) | No. 1:23-cv-00210 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Hon. Steven C. Seeger, |
| | ) | District Judge |
| MCDONALD'S USA, LLC, a Delaware | ) | |
| limited liability company, and | ) | |
| MCDONALD'S CORPORATION, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND TO DISMISS**

1. If current Seventh Circuit law construing Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits using a notice of dismissal to dismiss with prejudice the 16 remaining contract claims in this case, a proposition that is admittedly unclear, *Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 559 (7th Cir. 2021); *Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015), then Plaintiffs' previous filing was self-effectuating, the remaining claims were dismissed with prejudice, and a final judgment should be entered.

2. If Rule 41 is not an available pathway, then Plaintiffs have moved to amend their pleading to dismiss with prejudice the 16 remaining contract claims, Doc. No. 76, and though Defendants initially did not consent in writing,[1] they have now filed a response that consents in writing to the proposed amendment, Doc. No. 82, and so that amendment is too self-effectuating,

[1] Defendants state that, in advance of Plaintiffs filing their motion, they "simply could not give their affirmative consent to actions that would have the effect of further burdening Defendants and this Court with yet more litigation of legally defective claims." *Id.* ¶ 8. That is a non sequitur. Of course, Defendants have no rational basis to withhold consent to dismiss claims against them with prejudice. Plaintiffs are not attempting to burden this Court with any additional litigation. On the contrary, they are attempting to free the Court of additional litigation in this case.

*see* 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1490 (3d ed. 2026) ("The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."), the remaining claims are dismissed with prejudice, and a final judgment should be entered.

3. Accordingly, Plaintiffs' 16 remaining contract claims should be deemed dismissed with prejudice and a final judgment should be entered. Given that the Court's order on the motion to dismiss has the effect of denying all relief to all Plaintiffs on all other claims in the case, it appears the Clerk can enter the final judgment per Rule 58(b). To the extent the Court must enter final judgment, Plaintiffs request entry of final judgment under Rule 58(d).

4. Just about everything else discussed in Defendants' Response beyond their decision to consent to an amendment dismissing the remaining claims is basically gratuitous and much of it misplaced. For example, Defendants' attack on the comprehensiveness of the amended complaint ignores that there are 48 separate plaintiffs, who were required to plead their claims in great detail when this Court previously dismissed with leave to replead. Defendants also argue that they view the dismissed claims in this case as untimely and lacking merit, a point about which the parties obviously disagree, and one which the Court has ruled upon.

5. In addition, Defendants assert that Plaintiffs are attempting to appeal the case piecemeal, but there is no such effort underway. Quite the opposite, all of the Plaintiffs in this case are attempting to ensure a single unitary appeal of all claims that this Court previously dismissed.[2] Along the same lines, Defendants are "working the ref" for future battles by intimating that Plaintiffs in this case are doing something improper or nefarious by appealing

[2] To the extent that Defendants refer to *McPherson v. McDonald's, et al.*, No. 1:23-cv-00210 (N.D. Ill.), that case is not part of this one, and the appeal of this case does not affect *McPherson* in any way, or vice versa.

while their lawyers pursue discovery in a separate case, *McPherson*, which was not dismissed. This Court plainly retains the authority in *McPherson* to entertain the parties' arguments in that case about the scope of discovery, and discovery there has nothing to do with dismissing claims here.

6. Finally, citing to the Court's recent docket entry, Doc. No. 81, Defendants fault Plaintiffs for filing a notice of appeal. But potential timing limitations on Plaintiffs' right to appeal is not a small matter. Given uncertainty about the operation of Rule 41, discussed above, and to guarantee in all circumstances that a notice of appeal was filed "within 30 days after entry of the judgment or order appealed from," Plaintiffs took a belt-and-suspenders approach and filed a notice of appeal, as permitted by Federal Rule of Appellate Procedure 4(a)(2) and Seventh Circuit case law. That "premature notice of appeal from the dismissal of a party or claim will ripen upon the entry of a belated . . . judgment." *Houston v. City of Chicago*, No. 25-1188, 2026 WL 2031938, at *3 (7th Cir. July 14, 2026) (quoting *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 189 (7th Cir. 2011)). The Seventh Circuit has stayed the appeal pending resolution of Plaintiffs' motion to amend to dismiss with prejudice the 16 remaining claims. *Manning v. McDonald's, et al.*, No. 26-3135, Doc. No. 3 (CA7 Oct. 20, 2026).

7. This case has been pending in this Court with all discovery stayed pending resolution of a Rule 12(b)(6) motion for six years. Defendants' response mocks "Plaintiff's displeasure with what [Plaintiffs] characterize as 'long delay in the case so far,'" Doc. No. 82 at 4, but the delay is actually very real and has prejudiced Plaintiffs extraordinarily. This Court has deemed their race discrimination claims implausible, and Plaintiffs now wish to seek review of that determination, as is their right, before too much more time passes. If Plaintiffs claims are reinstated on appeal, it is already the case that Plaintiffs will be seeking discovery into events

that happened in the increasingly distant path, which is problematic for all sorts of reasons. Further delay only compounds the problem.

DATED: October 28, 2026

RESPECTFULLY SUBMITTED,
By: /s/ Steve Art
*One of Plaintiffs' Attorneys*

Jon Loevy
Dan Twetten
Steve Art
Quinn Rallins
Loevy + Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900
jon@loevy.com
dan@loevy.com
steve@loevy.com
rallins@loevy.com
*Counsel for Plaintiffs*